UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGE TASSEFF,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 3:16-cv-00367

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 8), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

**I.**

**A.      Procedural History**

Plaintiff filed an application for SSI and DIB asserting disability as of October 1, 2004 on account of a number of impairments, including, *inter alia*, bipolar disorder, and attention deficit hyperactivity disorder ("ADHD").  PageID 985.

On March 21, 2012, Plaintiff had a hearing before ALJ Mary Withum.  PageID 985.  On May 17, 2012, the ALJ issued a written decision finding Plaintiff not disabled.  PageID 51-62. Plaintiff subsequently appealed that decision.  PageID 985.  In June 2013, the Appeals Council denied Plaintiff's request and Plaintiff appealed to this Court.  *Id*.  In April 2014, we remanded the case under Sentence Four for further proceedings based on the parties' joint motion to remand.  PageID 985-86.

On remand, Plaintiff received a second hearing before ALJ Gregory Kenyon on December 17, 2014.  PageID 1068.  On March 19, 2015 ALJ Kenyon issued a written decision finding Plaintiff not disabled.  PageID 1197-1213.  Plaintiff subsequently appealed that decision. PageID 986.  The Appeals Council rejected the ALJ Kenyon's recommendation, finding that it failed to account for the evidence relating to Plaintiff's mental impairments and remanded the case back to the ALJ for additional proceedings.  PageID 1223-27.

On February 25, 2016, Plaintiff received a second hearing before ALJ Kenyon.  PageID 1025.  On May 3, 2016 ALJ Kenyon issued an opinion in which he again found Plaintiff not disabled.  PageID 982-1011.  Specifically, ALJ Kenyon's findings were as follows:

> 1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.      The claimant has not engaged in substantial gainful activity since October 1, 2004, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

2

3. The claimant has the following severe impairments: bipolar disorder and attention deficit hyperactivity disorder (ADHD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform a range of light work[3] as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is limited to lifting up to twenty pounds occasionally, lift or carry up to ten pounds frequently in light work as defined by the regulations; never climb ladders, ropes, or scaffolds; and avoid all exposure to unprotected heights; and no operation of commercial motor vehicles. In addition, work is limited to one or two step tasks in an environment free of fast paced production requirements; a low stress job with only occasional decision making required and only occasional changes in the work setting; only occasional interaction with the public, coworkers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1963 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

416.968).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 982-1011.

Plaintiff did not seek Appeals Council review of ALJ Kenyon's second decision. *See* 20 C.F.R. § 404.984(d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). Plaintiff now timely appeals ALJ Kenyon's February 25, 2016 decision. *See id*; *see also* 20 C.F.R. § 404.984(c).

**B. Evidence of Record**

In his second decision, ALJ Kenyon set forth a detailed recitation of the underlying medical evidence in this case. PageID 989-1002. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 10 at PageID 2045-51. The Commissioner, in response to Plaintiff's Statement of Errors, defers to ALJ Kenyon's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 11 at PageID 2064. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by ALJ Kenyon and Plaintiff.

**II.**

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential

review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818

(S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the

Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ failed to: (1) adequately account

for limitations noted by his treating psychiatrist, Susan Songer, M.D.; (2) comprehensively

evaluate the other medical source opinions; (3) consider his substance abuse under the correct

standard; and (4) find him credible. Doc. 10 at PageID 2053. Finding merit to Plaintiff's first

alleged error, the undersigned does not address the merits of Plaintiff's three remaining

contentions.[4]

In March 2009, Dr. Songer opined that Plaintiff's mental functioning capabilities were

"moderately" limited with the exception of "marked" limitations in his ability to: (1) understand,

---

[4] Nevertheless, on remand, the undersigned directs that the ALJ assess Plaintiff's credibility anew following a meaningful explanation of the weight accorded to the medical source opinions.

remember, and carry out very simple instructions; (2) complete a normal workday and workweek without interruptions from psychologically based symptoms; and (3) perform at a consistent pace without an unreasonable number and length of rest periods.[5] PageID 696.

ALJ Kenyon, in determining Plaintiff's RFC, gave "significant weight" to Dr. Songer's opinion. PageID 998. Specifically, he found that "the (the function-by-function) conclusions of Dr. Songer that the Claimant's mental function capabilities are, for the most part, 'moderately' limited are not unreasonable and are given greater (i.e., significant) weight." *Id.*

ALJ Kenyon, failed, however, to include a limitation in Plaintiff's RFC reflecting Dr. Songer's opinion that Plaintiff was "markedly" limited in "his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." PageID 696. Nor did ALJ Kenyon explain his reasoning for rejecting Dr. Songer's opinion in this regard.

Although the undersigned recognizes that the ALJ need only accept those limitations found credible, *see Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993), the ALJ still must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably. *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-cv-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-cv-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-cv-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-cv-364,

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

2016 WL 99114 (S.D. Ohio Jan. 7, 2016); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating that, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Washington v. Colvin*, No. 13-1147-SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").[6]

Here, the RFC and non-disability finding are both unsupported by substantial evidence in light of ALJ Kenyon's failure to explain why he chose not to adopt Dr. Songer's determination that Plaintiff is "markedly" limited in his ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *See* PageID 71-75, 100-02, 147; *see also* SSR 96-8p, 1996 WL 374184, at *7. Such failure amounts to reversible error. *See O'Ryan*, 2015 WL 6889607, at *4.

---

[6] The Commissioner admits that the ALJ did not expressly state that the "marked" limitations noted by Dr. Songer were rejected. Doc. 11 at PageID 2067. Instead, the Commissioner argues that the ALJ's decision "in its entirety included a thorough discussion with citations to the medical evidence including Plaintiff's mental health treatment, exam findings, and Plaintiff's inconsistent statements that did not support Dr. Songer's 'marked' limitations." *Id.* However, the Commissioner's attempt to cite to specific areas of the record in support of the ALJ's ultimate conclusion is not sufficient. "[I]t is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration." *Evans v. Comm. of Soc. Sec.,* 142 F. Supp.3d 566, 575 (S.D. Ohio 2015) (citing *Romig v. Astrue,* No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio March 18, 2013) (citations omitted).

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and, therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1.  The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2.  This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3.  This case be **CLOSED**.

Date: 6/13/2017                                     s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).